[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE COUNTS THREE AND FOUR OF THE AMENDED COMPLAINT
The plaintiff, Ada Ortiz, brings this action against the defendants, Waterbury Hospital and John Mazzucco, M.D., seeking damages for injuries she sustained as a result of the defendants' negligent and reckless behavior. In her amended complaint dated July 28, 2000, the plaintiff alleges that on October 19, 1994 she underwent elective laparascopic cholecystectomy performed by Mazzucco at Waterbury Hospital. The plaintiff further alleges that a needle broke at the conclusion of the procedure during the time when another doctor was stitching the plaintiff. The plaintiff alleges that the hospital staff searched the floor for the broken needle with a magnet, but were unable to locate it. The plaintiff also alleges that she experienced epigastric pain during the four years immediately following the operation.
The plaintiff alleges that on December 14, 1998, an emergency room physician discovered a metal foreign object within the plaintiff's abdomen, and on December 15, 1998, Mazzucco performed surgery upon her in order to remove the broken needle.
The plaintiff's amended complaint is divided into six separate counts. Counts one and two sound in negligence and allege that Mazzucco and Waterbury Hospital, respectively, are the direct and proximate cause of the plaintiff's injuries. Counts three and four allege that the conduct of Mazzucco and Waterbury Hospital, respectively, constitutes recklessness. Finally, counts five and six are brought by the plaintiff's husband, Victor Ortiz, against Mazzucco and Waterbury Hospital, respectively, and allege loss of consortium. CT Page 4457
On August 28, 2000, the defendant, Waterbury Hospital, filed a motion to strike count four of the plaintiff's amended complaint, arguing that count four is legally insufficient because it does not state a valid cause of action for recklessness. On September 20, 2000, the defendant, Mazzucco, filed a motion to strike count three of the plaintiff's amended complaint, arguing that count three fails to state a valid cause of action for recklessness. Both motions also seek to strike the plaintiff's corresponding prayer for relief for punitive damages.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270-71, 709 A.2d 558 (1999). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.)Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000). "Practice Book . . . § 10-39 allows for a claim for relief to be stricken only if the relief sought could not be legally awarded."Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).
In their motions to strike, both Mazzucco and Waterbury Hospital argue that counts three and four, respectively, are legally insufficient because the plaintiff has merely reiterated her claims of negligence into her counts of recklessness, without alleging any additional facts. Our courts generally recognize that "[r]ecklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988). "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. CT Page 4458 . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Internal quotation marks omitted.) Id., 533, citing W. Prosser W. Keeton, Torts (5th Ed.) 34, p. 214. The legal concepts of "reckless conduct . . . and wilful, intentional and malicious conduct . . . in the context of common-law tort actions . . . are indistinguishable." (Citation omitted.) Elliott v. Waterbury,245 Conn. 385, 415, 715 A.2d 27 (1998).
Our Superior Courts have held that the "reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct [by mere] nomenclature." (Internal quotation marks omitted.) Walters v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 549835 (November 15, 1999, Martin, J.); Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.T.R.); Chromium Process v. Yankee GasService Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 038532 (June 23, 1995, Comerford, J.). "[A] party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant's conduct was reckless." (Internal quotation marks omitted.) Finkeldey v.Newcomb, Superior Court, judicial district of Middlesex at Middletown, Docket No. 084847 (September 21, 1999, Gordon, J.).
In the counts alleging recklessness, the plaintiff has incorporated the allegations set forth in the negligence counts. Additionally, in count three, the plaintiff alleges, inter alia, that Mazzucco failed to inform the patient of the broken needle and that the broken piece may be lodged within the plaintiff's body. Similarly, in counts three and four, the plaintiff alleges that the conduct of Mazzucco and Waterbury Hospital, respectively, constitutes a reckless disregard to the rights of the plaintiff and both defendants' failure to warn the plaintiff or perform a follow-up constitutes a reckless indifference to the plaintiff's rights.
Even if the plaintiff's complaint is viewed in the light most favorable to the plaintiff so as to sustain its legal sufficiency; Peter-Michael,Inc. v. Sea Shell Associates, supra, 244 Conn. 270; the allegations are conclusory and do not appear to be anything "more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Dubay v. Irish,207 Conn. 532. The plaintiff has failed to include any additional facts that meets the standard of "highly unreasonable conduct, involving an CT Page 4458 extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Id.
For the foregoing reasons, the court finds that counts three and four of the plaintiff's complaint are legally insufficient as they fail to support a claim upon which relief may be granted and that the defendants' motions to strike said counts — including the allegations therein that the acts of the defendant constitute a reckless indifference to the rights of the plaintiff — are hereby granted.
Consequently, the plaintiff's prayer for relief for punitive damages is also stricken.
By the Court,
Joseph W. Doherty, Judge